UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RENEE A. PAYNE,                  Case No. 1:05-cv-247

    Plaintiff,                       Weber, J.
                                       Black, M.J.

vs.

CIGNA GROUP INSURANCE,

    Defendant.

### REPORT AND RECOMMENDATION[1]

Plaintiff brings this case *pro se* alleging that defendant Cigna Insurance Group has denied her claim for short term disability benefits. (*See* doc. 2).

On April 12, 2005, the Court entered an Order allowing plaintiff to proceed without pre-payment of fees as authorized by 28 U.S.C. § 1915(a)(1). (Doc. 3). The Court also ordered plaintiff to show cause, within thirty days of the date of the Order, why this case should not be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (holding that a district court may *sua sponte* dismiss a complaint where the district court has determined that it lacks subject matter jurisdiction), *cert. denied,* 528 U.S. 1198 (2000). *See also Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974).

Plaintiff has not responded to the Court's Order to show cause and has not filed

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

any Motion, Memoranda, or other paper in this case since she filed her Complaint.

Although the Court prefers to adjudicate cases on their merits, district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an Order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's complaint (doc. 2) be **DISMISSED without prejudice** for lack of jurisdiction or, in the alternative, for lack of prosecution pursuant to Fed. R. Civ. P. 41(b), and that this case be **CLOSED.**


Date:   5/16/05                             s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RENEE A. PAYNE, | Case No. 1:05-cv-247 |
| Plaintiff, | Weber, J. |
| | Black, M.J. |
| vs. | |
| CIGNA GROUP INSURANCE, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).